UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OLENA OLTAR, | : | CIVIL ACTION NO. 04.12594 (RGS) |
| Plaintiff, | : | |
| v. | : | |
| KEVIN M. LEARY, | : | |
| Defendant. | : | |

ANSWER TO COMPLAINT

Defendant Kevin M. Leary, by its attorneys, Robinson & Cole LLP, as and for his answers the complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Count One of the Complaint.

2. Admits the allegation contained in paragraph 2 of Count One of the Complaint.

3. Admits the allegation contained in paragraph 3 of Count One of the Complaint.

4. Admits the allegation contained in paragraph 4 of Count One of the Complaint.

5. Admits the allegation contained in paragraph 5 of Count One of the Complaint.

6. Admits the allegation contained in paragraph 6 of Count One of the Complaint.

7. Admits the allegation contained in paragraph 7 of Count One of the Complaint.

8. Admits the allegation contained in paragraph 8 of Count One of the Complaint.

9. Denied. Further answering defendant first learned of a tropical storm on the afternoon of August 2, 2004. This tropical storm later became Hurricane Alex.

B-847992

10. Denied. Further answering, the S/V SENNEN was hit by a rouge wave at approximately 0020 hours Universal Time on August 5, 2004 and was knocked over to approximately 120 to 140 degrees, but promptly righted itself. The S/V SENNEN lost diesel power and communications.

11. Admits the allegation contained in paragraph 11 of Count One of the Complaint.

12. Admits the allegation contained in paragraph 12 of Count One of the Complaint.

13. Denies the allegations contained in paragraph 13 of Count One of the Complaint.

14. Denies the allegations contained in paragraph 14 of Count One of the Complaint.

15. Denies the allegations contained in paragraph 15 of Count One of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Count One of the Complaint.

## EXONERATION FROM OR LIMITATION OF LIABILITY

17. At all times hereinafter mentioned the said S/V SENNEN was a 1977 Alajuela 38 yacht with a gross tonnage of 12 tons. The S/V SENNEN was designed, built and equipped for offshore passages.

18. On July 31, 2004, the S/V SENNEN was then sound, seaworthy, and in every way fitted for service.

19. On August 5, 2004, a rogue wave hit the yacht and knocked out most of the yachts electrical systems and damaged S/V SENNEN.

20. On August 8, 2004, in 40 knot winds and 30 foot waves, Kevin Leary, Frank Casey, and Olena Oltar were rescued by the LNG Tanker, GOLAR FREEZE.

21. The aforesaid occurrence and all consequent damages occurred without the privity or knowledge of the Defendant and were not caused or contributed to by any fault or negligence

on the part of the S/V SENNEN, or those in charge of her, or the Defendant or anyone for whom Defendant may be responsible.

22.     As a result of the casualty, Plaintiff allegedly suffered damages. The full extent of the alleged loss and damage resulting from the casualty is not yet known to Defendant.

23.     The casualty and losses, damages, and destruction resulting there from, for which claims may be made against Defendant and the S/V SENNEN, and all other damages in any manner arising out of said accident were occasioned and incurred without the privity and knowledge of Defendant at or prior to the casualty.

24.     Defendant believes and therefore alleges that the net value of the S/V SENNEN on August 8, 2004, immediately after the casualty, was zero since the yacht was lost at sea.

25.     The total value of the interest in Defendant's vessel following the casualty, did not and does not exceed zero which is less than the amounts of the claims that Defendant anticipates will be brought as hereinabove set forth.

26.     Defendant desires to invoke the benefits of limitation of liability provided by 46 U.S.C. §§ 183-195, 188, the various acts amendment thereof and supplemental thereto, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and in the same proceeding Defendant desires to contest its liability and the liability of the S/V SENNEN for any loss or damage arising out of the aforesaid occurrence.

27.     Defendant is ready and willing to file when and if ordered, a stipulation with good and efficient surety for the payment into the court of the value of plaintiff's interest in the S/V SENNEN.

28.     Not more than six months have lapsed since the date of the aforesaid casualty.

29.     All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Court.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by doctrine of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable and due care and did not cause or contribute to the injury, if any suffered by plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own acts or omissions, or the acts or omission of third parties for whom Defendant is not responsible and Plaintiff can recover nothing.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by an Act of God.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right after entering into discovery to file such additional defenses and actions which may be appropriate.

**WHEREFORE**, defendant and petitioner prays:

(a) that this Court enter an order directing on the giving of such stipulation as may be determined to be proper or of an *ad interim* stipulation, an injunction shall issue restraining the prosecution of any and all suits, actions, and proceedings already begun to recover for damages arising out of the aforesaid occurrence and further restraining the commencement or prosecution hereafter of any suit, action, or legal proceeding of any nature or description whatsoever except in the present proceeding against plaintiff or against the S/V SENNEN in respect of any claim or claims arising out of the aforesaid occurrence.

(b) that this Court in this proceeding adjudge that the Defendant is not liable to any extent for any loss or damage or for any claims whatsoever in any way arising out of or inconsequence of the aforesaid occurrence;

(c) that if Defendant shall be adjudged liable, then such liability be limited up to the amount of the value of the interest of Defendant in the S/V SENNEN, that the monies surrendered, paid or secured to be paid in the aforesaid, be divided pro-rata among such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging the Defendant and the S/V SENNEN from any and all further liability;

(d) that Defendant may have such other and further relief as this Court may deem just and proper; and

(e) that the Complaint of the Plaintiff be dismissed.

Respectfully submitted,

KEVIN M. LEARY, by his attorneys

*David B. Wilson*

David B. Wilson  BBO# 548359
Robinson & Cole LLP
One Boston Place
Boston, MA 02108-4404
Tel 617-557-5900
Fax 617-557-5999

DATED:  January 28, 2005

## CERTIFICATION

This is to certify that on January 28, 2005, a copy of the foregoing Answer to Complaint was served by regular mail, postage prepaid, addressed as follows:

> David J. Berg, Esq.
> Latti & Anderson LLP
> 30-31 Union Wharf
> Boston, MA 02109

Signed under the penalties of perjury.

*/s/ David B. Wilson*
_____